AHUMADA ET AL. *v.* DEL TORO, DISTRICT JUDGE.

APPLICATION for Writ of *Certiorari.*

No. 48.—Decided November 18, 1908.

CERTIORARI—JURISDICTION OF ABSENT DEFENDANTS—APPEARANCE BY COUNSEL.—
From the moment absent defendants appear in an action through their counsel and demur to the complaint without alleging that the court has no jurisdiction, such a voluntary appearance is equivalent to personal service of notice and delivery of a copy of the complaint, and the court thereby acquires jurisdiction over them.

The facts are stated in the opinion.

MR. JUSTICE HERNÁNDEZ delivered the opinion of the court.

Antonio and Fernando Ahumada y Gutierrez have made application to this Supreme Court for a writ of *certiorari* against Emilio del Toro, Judge of the First Section of the District Court of San Juan, directing him to forward the original record in the action being prosecuted before him by the Estate of Josefa Jiménez Sicardo and María Dolores Sicardo y Jiménez *et al.,* against the petitioners, for the recovery of a sum of money and other matters, staying all proceedings, and especially the holding of the oral trial in the case mentioned, and after reviewing it, that this court hold that said

judge lacks jurisdiction to take cognizance of the action in question.

The fundamental allegation of the petitioner in support of the lack of jurisdiction of the said judge, is that the defendants Fernando and Antonio Ahumada y Gutierrez, have been residents, the former of Spain, for more than 10 years, and the latter, of New York, for more than five years, without having been in Porto Rico during that time.

This allegation in itself does not imply a lack of jurisdiction in the Judge of the First Section of the District Court of San Juan, because it appears from the other allegations of the petitioners that the latter appeared in the proceedings through counsel, and demurred to the complaint on a number of grounds, which did not include the lack of jurisdiction of the court of the persons of the defendants, whose voluntary appearance is equivalent to personal service of summons and a copy of the complaint, the court thus having acquired jurisdiction of the parties and control of all the subsequent proceedings, according to section 98 of the Code of Civil Procedure, which reads as follows:

"From the time of the service of the summons and of a copy of the complaint in a civil action, where service of a copy of the complaint is required, or of the completion of the publication when service by publication is ordered, the court is deemed to have acquired jurisdiction of the parties, and to have control of all the subsequent proceedings. The voluntary appearance of a defendant is equivalent to personal service of the summons and copy of the complaint upon him."

In view of this provision of the law, the Judge of the First Section of the District Court of San Juan acquired jurisdiction of the persons of the defendants the moment the latter voluntarily entered an appearance in the action. No allegation whatsoever has been made as to lack of jurisdiction by reason of the subject of the action.

For the reasons stated, we believe that the application for a writ of *certiorari* should be denied.

*Application denied.*

Justices Figueras, MacLeary and Wolf concurred.

Mr. Chief Justice Quiñones did not take part in the decision of this case.